UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

INVESTORSHUB.COM, INC.;
a Florida corporation; MATTHEW BROWN,
an individual; and ROBERT
ZUMBRUNNEN, an individual,

    Plaintiffs,

v.
                                        CASE NO: 4:11cv9-RH/WCS

MINA MAR GROUP INC., a foreign
corporation; MINA MAR GROUP INC.
(OF THE USA), n/k/a EMRY CAPITAL
GROUP, INC., a foreign corporation; and
MIRO ZECEVIC, an individual,

    Defendants.

_____/

## COMPLAINT FOR DECLARATORY RELIEF

Investorshub.com ("iHub"), Matthew Brown ("Brown"), and Robert Zumbrunnen ("Zumbrunnen") sue Mina Mar Group, Inc., Mina Mar Group Inc. (of the USA), and Miro Zecevic and allege as follows:

### Introduction

1.    This is an action to prevent Defendants from engaging in the improper practice of libel tourism against Plaintiffs, who are all United States citizens. Specifically, Defendants brought libel claims against Plaintiffs in Canada, a jurisdiction with which Plaintiffs have no connection, because the law of Canada provides less protection for free speech than United States and Florida law. United States and Florida law do not welcome libel tourists. In fact,

both the United States and Florida specifically preclude enforcement of any and all judgments obtained by libel tourists.

## Parties

2. Plaintiff iHub is a Florida corporation having its principal place of business at 1700 N. Monroe Street, Suite 11-270, Tallahassee, FL 32303.

3. Plaintiff Brown is an individual who resides in Florida in this judicial District.

4. Plaintiff Zumbrunnen is an individual who resides in Missouri.

5. iHub owns and hosts an Internet website that provides a forum for serious investors to gather and share market insights using an advanced discussion platform (the "Site"). The Site is designed to be clean and simple, allowing investors to get the real-time market information they need, quickly and easily.

6. Defendant Mina Mar Group, Inc. is a Canadian corporation having its principal place of business at 5155 Spectrum Way, Unit #5, Mississauga, Ontario L4W 5A1, Canada.

7. Defendant Mina Mar Group, Inc. (of the USA), now known as Emry Capital Group, Inc., is a Texas corporation having its principal place of business at 7077 North Federal Highway #275, Ft. Lauderdale, FL 33804.

8. Defendant Miro Zecevic is a resident of Ontario, Canada and upon information and belief resides at 2 Carnation Street, Etobicoke, Ontario, Canada.

## Jurisdiction and Venue

9. This action arises and is brought under the Securing the Protection of our Enduring and Established Constitutional Heritage Act (the "SPEECH Act"), 28 U.S.C. §§ 4101-4105, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338, 1367, 2201-2202.

10. The action also arises and is brought under the Uniform Out-of-Country Foreign Money-Judgment Recognition Act., § 55.601 – 55.607, Florida Statutes, and Chapter 86, Florida Statutes.

11. Venue is appropriate in this District pursuant to 28 U.S.C. §§ 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this District.

12. Defendants have contacts with this District that are sufficient to subject them to personal jurisdiction in this District. In particular, Defendant Mina Mar Group, Inc. (of the USA), now known as Emry Capital Group, Inc., has its principal place of business in this District. Moreover, on September 20, 2010, Defendants recorded an out-of-country foreign judgment for costs against iHub in the official records of Leon County with the Leon County Clerk of Court (the "Clerk). (True and correct copies of Defendants' Affidavit and out-of-country foreign judgment for costs are attached hereto as Composite Exhibit A.) Additionally, Defendants Mina Mar Group, Inc. (Canada) and Miro Zecevic have subjected themselves to jurisdiction in the State of Florida by filing a Complaint in the Circuit Court of the Second Judicial District (Leon County) of Florida in August 2010. The Complaint is premised upon statements allegedly posted on iHub's Internet website. (A true and correct copy of the Complaint is attached hereto as Exhibit B.) Plaintiffs are not parties to the August 2010 lawsuit.

13. Defendants also are subject to personal jurisdiction pursuant to Section 55.6055, Florida Statutes.

<b><u>General Allegations</u></b>

14. iHub's Site contains electronic bulletin boards ("boards") on which its members can review and post information related to a variety of investment-related topics.

15. iHub has more than 200,000 members who have posted more than 55 million messages on more than 15,000 different iHub boards.

16. Brown was an employee of iHub from May 2000 until May 2003 and again from October 2007 through November 2007.

17. Zumbrunnen was an employee of iHub from April 2002 until June 2009, during which time he served as iHub's President.

18. On or about October 17, 2008, Defendants filed a defamation case in Canada against iHub and Brown based upon the statements of third parties posted on iHub's boards about Defendants. The claim was amended on August 19, 2009 to also include as defendants Zumbrunnen, and others, and was then titled <u>Mina Mar Group, Inc., Mina Mar Group Inc. (of the USA), and Miro Zecevic v. Investorshub.com, Matt Brown, Robert Zumbrunnen, and ADVFN PLC, and Stratey, itlogic, Jim Bishop, Janice Shell, Universal Trader, Ratso, Livingstyle, Soyelpato, AccipiterO, strongtower, snow, peraire, and Fast Flyer 03, Strongtower, 1summer, AccipiterO, bob41, Buckley, soyelpato, greedy malone, rolltide and John Doe (collectively known as the Posters)</u>, Court File No. CV-08-364413-0000, Ontario Superior Court of Justice (hereinafter, the "Canadian Defamation Lawsuit"). Neither iHub, Brown, nor Zumbrunnen posted any of the allegedly defamatory statements.

19. Because iHub, Brown, and Zumbrunnen were not properly subject to the personal jurisdiction of the Canadian court in the Canadian Defamation Lawsuit, they did not defend themselves in the Canadian Defamation Lawsuit.

20. As a result of iHub, Brown, and Zumbrunnen's failure to defend themselves in the Canadian Defamation Lawsuit, Mina Mar Group, Inc., Mina Mar Group, Inc. (of the USA), and Miro Zecevic obtained a final judgment against iHub, Brown, and Zumbrunnen holding them

liable for libel and defamation and, among other things, ordering iHub, Brown and Zumbrunnen to pay $75,000 (CAD) in general damages and $10,000 (CAD) in punitive damages; ordering iHub, Brown, and Zumbrunnen to apologize and publicly retract certain statements; ordering iHub, Brown and Zumbrunnen to disclose the names and addresses of certain individuals who made statements on iHub's Site; enjoining iHub, Brown and Zumbrunnen from posting defamatory statements about Mina Mar Group, Inc. and Miro Zecevic; and ordering iHub to pay $20,000 (CAD) as the costs of the action. (A true and correct copy of the Judgment in the Canadian Defamation Lawsuit is attached hereto as Exhibit C.)

21. In addition, there were other orders entered by the Canadian court, including a July 7, 2009 order for costs of $13,650 (CAD) against iHub ("The Canadian Costs Order"). See Composite Exhibit A. On September 20, 2010, Defendants filed in the official records of Leon County with the Leon County Clerk of Court an Affidavit and a copy of the Canadian Costs Order. See id.

22. The judgment against iHub, Brown, and Zumbrunnen in the Canadian Defamation Lawsuit was based on the content of writing that was published on iHub's Site and/or its boards.

23. The judgment against iHub, Brown, and Zumbrunnen in the Canadian Defamation Lawsuit is repugnant to the Constitution and laws of the United States and Florida. In particular, the judgment is repugnant to the Constitution and laws of the United States because:

   a. The defamation law applied by the Canadian court did not provide as much protection for freedom of speech as the First Amendment to the United States Constitution would provide;

   b. The defamation law applied by the Canadian court did not provide as much protection for freedom of speech as Florida law would provide;

    c. The exercise of personal jurisdiction over iHub, Brown, and Zumbrunnen by the Canadian court did not comport with the due process requirements that are imposed on domestic courts by the United States Constitution;

    d. iHub is the provider of an interactive computer service (as defined in section 230 of the Communications Decency Act, 47 U.S.C. § 230), iHub would be shielded from defamation liability under the Communications Decency Act, and the judgment is not consistent with the protections afforded to iHub under the Communications Decency Act; and

    e. Neither Brown nor Zumbrunnen was an employee or agent of iHub at the time of the judgment. Moreover, Brown was not an employee or agent of iHub when the Canadian Defamation Lawsuit was filed or when the allegedly defamatory statements were made. Thus, neither individual can actually comply with the many injunctive paragraphs of the Canadian Defamation Judgment because each lacks any control over iHub.

24. If the law of the United States and of Florida had been applied in the Canadian Defamation Lawsuit, iHub, Brown, and Zumbrunnen would not have been found liable.

25. The judgment in the Canadian Defamation Lawsuit, and the out-of-country foreign judgment for costs that Defendants recorded in Leon County, threaten imminent injury to iHub, Brown, and Zumbrunnen because the judgments purport to establish the financial liability of iHub, Brown, and Zumbrunnen and/or to function as a lien against the property interests of iHub, Brown, and Zumbrunnen.

26. This threat to iHub, Brown, and Zumbrunnen is directly traceable to the judgment in the Canadian Defamation Lawsuit.

27. A favorable decision by this Court will redress the threatened injury by rendering the judgment in the Canadian Defamation Lawsuit unenforceable in the United States against iHub, Brown, and Zumbrunnen and by rendering invalid in the United States any orders entered by the Canadian court, including the Canadian Costs Order.

28. In addition, as a result of the judgment in the Canadian Lawsuit, and the Canadian Costs Order, there is a bona fide, actual, present need for a declaration as to whether the judgment is enforceable in Florida against iHub, Brown, and Zumbrunnen.

29. Because the judgment already has been entered by the Canadian court, there is a present controversy that will be addressed by a declaratory judgment from this Court.

30. The right of iHub, Brown, and Zumbrunnen to be free from the enforceability of the judgment in the Canadian Defamation Lawsuit is dependent on a legal determination by this Court as to the enforceability of the judgment.

31. Defendants have an actual and present adverse interest in the relief sought by iHub, Brown, and Zumbrunnen.

32. All adverse parties to this matter are named as parties to this proceeding.

33. iHub, Brown, and Zumbrunnen do not seek an advisory opinion from this Court but instead seek an actual declaration that the judgment in the Canadian Defamation Lawsuit, including any orders entered by the Canadian court, are unenforceable against them in Florida and throughout the United States.

**Count One – Declaratory Judgment That The Foreign Defamation Judgment Is Repugnant To The Constitution Or Law Of The United States**

34. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 33 of the Complaint.

35. There is a real and active controversy between Plaintiffs and Defendants as to the enforceability of the foreign defamation judgment in the courts of the United States.

36. Defendants sought and obtained the foreign defamation judgment against Plaintiffs. See Exhibit C.

37. Defendants have filed in the official records of Leon County with the Leon County Clerk of Court an Affidavit and a copy of the out-of-country foreign judgment against iHub for costs in the amount of $13,650 (CAD). See Composite Exhibit A.

38. Plaintiffs contend that the defamation law applied by the Canadian court when it entered the foreign defamation judgment against Plaintiffs did not provide as much protection for freedom of speech as the First Amendment to the United States Constitution would provide. For example (and without limitation), the Canadian court did not apply the fault standard required by the First Amendment and United States Constitution before finding Plaintiffs liable in defamation.

39. Plaintiffs contend that the defamation law applied by the Canadian court when it entered the foreign defamation judgment against Plaintiffs did not provide as much protection for freedom of speech as Florida law would provide. For example and without limitation, in addition to the Canadian court's failure to apply the constitutional standard of fault, the Court failed to require pre-suit notice pursuant to Florida Statute, 770.01, or to consider any privileges and defenses that may apply under Florida or U.S. law.

40. Plaintiffs contends that the exercise of personal jurisdiction over them by the Canadian court in the Canadian Defamation Lawsuit did not comport with the due process requirements that are imposed on domestic courts by the United States Constitution.

41. iHub contends that because it is the provider of an interactive computer service (as defined in section 230 of the Communications Decency Act, 47 U.S.C. § 230), iHub would be shielded from defamation liability under the Communications Decency Act, but the foreign defamation judgment is not consistent with the protections afforded to iHub under the Communications Decency Act.

42. Therefore, Plaintiffs seek a declaratory judgment that the foreign defamation judgment is repugnant to the Constitution and Laws of the United States and cannot be recognized or enforced in the United States.

### Count Two – Declaratory Judgment That The Foreign Defamation Judgment Is Unenforceable Pursuant to Florida's Uniform Out-of-Country Foreign Money-Judgment Recognition Act

43. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 33 of the Complaint.

44. There is a real and active controversy between Plaintiffs and Defendants as to the enforceability of the foreign defamation judgment in the courts of the United States and Florida.

45. Defendants sought and obtained the foreign defamation judgment against Plaintiffs. See Exhibit C.

46. Defendants have filed in the official records of Leon County with the Leon County Clerk of Court an Affidavit and a copy of the out-of-country foreign judgment against iHub for costs in the amount of $13,650 (CAD). See Composite Exhibit A.

47. Plaintiffs contend that the defamation law applied by the Canadian court when it entered the foreign defamation judgment against them did not provide as much protection for freedom of speech as the First Amendment to the United States Constitution would provide. For example (and without limitation), the Canadian court did not apply the fault standard required by the First Amendment and United States Constitution before finding Plaintiffs liable in defamation.

48. Plaintiffs contend that the defamation law applied by the Canadian court when it entered the foreign defamation judgment against them did not provide as much protection for freedom of speech as Florida law would provide. For example and without limitation, in addition to the Canadian court's failure to apply the constitutional standard of fault, the Court failed to require pre-suit notice pursuant to Florida Statute, 770.01, or to consider any privileges and defenses that may apply under Florida or U.S. law.

49. Plaintiffs contend that the exercise of personal jurisdiction over them by the Canadian court in the Canadian Defamation Lawsuit did not comport with the due process requirements that are imposed on domestic courts by the United States Constitution and Florida law.

50. iHub contends that because it is the provider of an interactive computer service (as defined in section 230 of the Communications Decency Act, 47 U.S.C. § 230), iHub would be shielded from defamation liability under the Communications Decency Act, but the foreign defamation judgment is not consistent with the protections afforded to iHub under the Communications Decency Act.

51. Therefore, Plaintiffs seek a declaratory judgment that the foreign defamation judgment cannot be recognized or enforced in Florida because the defamation law applied by the

foreign court did not provide as much protection for freedom of speech and freedom of the press as would be provided by the United States and Florida Constitutions.

### Prayer for Relief

WHEREFORE, Plaintiffs pray that this Court:

(A)  Declare the foreign defamation judgment in the matter of <u>Mina Mar Group, Inc., et al. v. Investorshub.com, et al.</u>, Court File No. CV-08-364413-0000, Ontario Superior Court of Justice, repugnant to the Constitution and laws of the United States and not recognizable or enforceable in the United States pursuant to the SPEECH Act and hold that any orders entered in connection therewith are invalid and unenforceable in the United States.

(B)  Declare the foreign defamation judgment in the matter of <u>Mina Mar Group, Inc., et al. v. Investorshub.com, et al.</u>, Court File No. CV-08-364413-0000, Ontario Superior Court of Justice, not recognizable or enforceable pursuant to Florida's Uniform Out-of-country Foreign Money-Judgment Recognition Act and hold that any orders entered in connection therewith are invalid and unenforceable in the United States or Florida.

(C)  Order such other and further relief as the Court deems just and proper, including awarding to Plaintiffs their fees and costs of this action to the fullest extent allowed by law.

Date: _1/7/11_

Respectfully submitted,

THOMAS & LOCICERO PL

*/s/ P. R. McAdoo*

Deanna K. Shullman
 Florida Bar No. 0514462
8461 Lake Worth Road
Suite 242
Lake Worth, FL 33467
Telephone: (561) 340-1433
Facsimile: (561) 340-1432

and

Paul R. McAdoo
 Florida Bar No. 0036219
400 North Ashley Drive, Suite 1100
P.O. Box 2602 (33601)
Tampa, FL 33602
Telephone: (813) 984-3060
Facsimile: (813) 984-3070

Attorneys for Plaintiffs