IN THE UNITED STATES DISTRCIT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

INVESTORSHUB.COM, INC.,
a Florida corporation,
MATTHEW BROWN,
an individual, and
ROBERT ZUMBRUNNEN,
an individual,

      Plaintiffs,

v.                                                  Case No.: 4:11cv9-RH/WS

MINA MAR GROUP, INC.,
a foreign corporation,
MINA MAR GROUP INC. (OF THE USA),
n/k/a, EMRY CAPITAL GROUP, INC.,
a foreign corporation, and
MIRO ZECEVIC,
an individual,

      Defendants.

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES

Defendants, MINA MAR GROUP, INC., a foreign corporation, MINA MAR GROUP INC. (OF THE USA), n/k/a, EMRY CAPITAL GROUP, INC., a foreign corporation, and MIRO ZECEVIC, an individual, by and through the undersigned counsel, hereby file their Answer and Affirmative Defenses to Plaintiff's Complaint, and state:

### ANSWER

1.    Denied that Defendants are engaged in libel tourism. Admitted that the Defendants brought claims in Canada against the Plaintiffs and others.

2.    Admitted.

3. Without knowledge.

4. Without knowledge.

5. Admitted that Plaintiff iHub hosts an Internet website. Otherwise, without knowledge and therefore denied.

6. Admitted.

7. Admitted.

8. Admitted.

9. Admitted only that the Plaintiffs seek such relief.

10. Admitted only that the Plaintiffs seek such relief.

11. Without knowledge.

12. Admitted that the Defendants recorded a cost judgment in this district. Admitted that Defendants sued third parties, but not the Plaintiffs, in the Circuit Court in and for Leon County, Florida. Otherwise, denied.

13. Admitted with respect to any foreign defamation judgment.

14. Admitted.

15. Without knowledge.

16. Without knowledge.

17. Without knowledge.

18. Admitted that such an action was brought in Canada. Without specific knowledge as to whether iHub, Brown or Zumbrunnen posted any of the defamatory statements.

19. Without knowledge as to the whether the Plaintiffs were subject to the personal jurisdiction of the Canadian Court. The Plaintiffs, who were defendants in that action, did engage counsel who negotiated a resolution of the action in Canada with the Defendants.

20. Admitted that a final judgment was entered.

21. Admitted with respect to the Costs Order.

22. The allegation is ambiguous and therefore denied.

23. The allegation is ambiguous and therefore denied.

24. Without knowledge.

25. Without knowledge.

26. Without knowledge.

27. Denied with respect to the Costs Order.

28. Denied.

29. Denied, because no effort has been made to enforce the judgment. Only the Costs Order has been filed and the Plaintiffs have agreed to pay the Costs Order.

30. Denied.

31. Denied.

32. Without knowledge.

33. Admitted only that they seek such a declaration.

## COUNT I

34. The allegations in the referenced paragraphs are admitted or denied as set forth herein.

35. Denied.

36. Admitted.

37. Denied that the foreign judgment was filed. Admitted that the costs order was filed.

38. Without knowledge.

39. Without knowledge.

40. Generally without knowledge, but denied to the extent that a Plaintiff filed affidavits and negotiated a resolution with defense counsel in Canada.

41. Without knowledge.

42. Admitted that Plaintiffs seek declaratory relief.

Defendants deny that Plaintiffs are entitled to the relief sought.

## COUNT II

43. The allegations in the referenced paragraphs are admitted or denied as set forth herein.

44. Denied.

45. Admitted.

46. Denied that the foreign judgment was filed. Admitted that the costs order was filed.

47. Without knowledge.

48. Without knowledge.

49. Generally without knowledge, but denied to the extent that a Plaintiff filed affidavits and negotiated a resolution with defense counsel in Canada.

50. Without knowledge.

51. Admitted that Plaintiffs seek declaratory relief.

Defendants deny that Plaintiffs are entitled to the relief sought.

## AFFIRMATIVE DEFENSES

1. Plaintiffs are estopped from recovering by virtue of a negotiated resolution of the Canadian case.

2. Plaintiff has waived any right to such a declaration by virtue of a negotiated resolution of the Canadian case.

3. The defense of accord and satisfaction applies to the claims of the Plaintiffs, given the negotiated resolution of the Canadian case.

4. The Canadian case has been settled by a negotiated resolution.

Respectfully submitted this 27th day of January, 2011.

**MESSER, CAPARELLO & SELF, P.A.**

   s\Thomas M. Findley      .
THOMAS M. FINDLEY
Florida Bar Number: 0797855
P.O. Box 15579
Tallahassee, Florida 32317
Telephone: (850) 222-0720
Facsimile: (850) 224-4359
Email: tfindley@lawfla.com
Attorney for Defendants

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been delivered by U.S. Mail & Electronic Transmission to Deanna K. Shullman, Esq., Thomas & Locicero, PL, 8461 Lake Worth Rd., Suite 242, Lake Worth, FL 33467, dshullman@tlolawfirm.com and Paul R. McAdoo, Esq., Thomas & Locicero, PL, 400 North Ashley Dr., Suite 1100, Tampa, FL 33602, pmcadoo@tlolawfirm.com, on this 27th day of January, 2011.

   s\Thomas M. Findley      .
Thomas M. Findley