# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

INVESTORSHUB COM INC, et al.,

      Plaintiff,

v.                                                                    CASE NO. 4:11cv9-RH/WCS

MINA MAR GROUP INC, et al.,

      Defendant.

_____/

## ORDER FOR PRETRIAL CONFERENCE

The following pretrial schedule and procedure is established:

I.    DATES FOR COMPLIANCE WITH PRETRIAL PROCEDURES

    A.    This case is set for pretrial conference at **TALLAHASSEE**, Florida on **August 31, 2011,** at **11:00 A.M.**

    B.    The attorney's conference required by paragraph II shall be held no later than **August 10, 2011.**

    C.    The pretrial stipulation and other papers required by paragraphs III and IV shall be <u>filed</u> with the Clerk of the Court on or before **August 24, 2011.**

    D.    This case will be tried in the two-week trial term that begins:

        (✔)    On **September 19, 2011,** at **8:15 a.m.**

                **TALLAHASSEE, FLORIDA**

        ( )    On a date set at the pretrial conference.

II.    ATTORNEYS TO CONFER

Counsel for all parties shall meet together on or before the date specified in Paragraph I(B) for the following purposes:

  A. To discuss the possibility of settlement or mediation;

  B. To stipulate to as many facts and issues as possible;

  C. To draw up the pretrial stipulation in accordance with Paragraph III of this order;

  D. To examine all exhibits proposed to be used in the trial;

  E. To furnish opposing counsel the names and addresses of <u>all</u> witnesses, including possible rebuttal witnesses and experts;

  F. To discuss the question of damages, including matters of evidence and proof which either party proposes to present at trial and the law in regard thereto; and

  G. To complete all other matters which may expedite both the pretrial and the trial of this case.

  H. Counsel for plaintiff shall initiate arrangements for the attorneys' conferences.  However, all attorneys in this cause are charged with the duty of meeting in such conferences and of complying with the schedule set forth in this order.  If the schedule is not kept by any counsel, it is the duty of other counsel to insist upon the necessary meeting or meetings to effect the pretrial stipulation, and failing to succeed, to advise the court by motion seeking sanctions against any party failing or refusing to meet as directed after request.

III. <u>PRETRIAL STIPULATION</u>

The pretrial stipulation shall contain;

    A.    The basis of federal jurisdiction;

    B.    A concise statement of the nature of the action;

    C.    A brief general statement of each party's case;

    D.    A list of all exhibits to be offered at the trial, noting any objections thereto and the grounds for each objection.  <u>Any objections not listed will be deemed waived</u>.

    E.    A list of <u>all</u> witnesses, including rebuttal and expert, intended to be called at the trial by each party.  Witness addresses must be provided to opposing counsel but, in order to comply with applicable privacy policies, shall **NOT** be included in the pretrial stipulation as filed.  Expert witnesses shall be labeled as such;

    F.    A concise statement of those facts which are admitted and will require no proof at trial, together with any reservations directed to such admissions;

    G.    A concise statement of those issues of law upon which there is agreement;

    H.    A concise statement of those issues of fact which remain to be litigated;

    I.    A concise statement of those issues of law which remain for determination by the court;

    J.    A concise statement of any disagreement as to the application of rules of evidence or of the Federal Rules of Civil Procedure;

    K.    A list of all motions or other matters which require action by the

court;

    L.    A statement whether this is now a jury or a non-jury case;

    M.    Counsel's respective estimates of the length of the trial; and

    N.    The signature of counsel for all parties.

IV.    <u>PAPERS TO BE SUBMITTED</u>

No later than the date specified in Paragraph I(C), the parties shall file with the Clerk of the Court:

    A.    The pretrial stipulation prepared in accordance with Paragraph III of this order.

    B.    Each side shall submit to the Clerk of the Court for filing, with copy to opposing counsel, a trial brief or memorandum with citation of authorities and arguments in support of that side's position on all disputed issues of law.

    C.    Counsel for each party in any <u>jury</u> trial shall submit to the Clerk of the Court for filing, with copies to opposing counsel, written request for instructions to the jury, together with proposed forms of verdict.  Upon good cause shown, supplemental requests for instructions may be submitted at any time prior to the arguments to the jury.  All requests for instructions shall be plainly marked with the name and number of the case, shall contain citations of supporting authorities, shall designate the party submitting the same, and in the case of multiple requests by a party shall be numbered in sequence.  Requests for instructions taken verbatim from the Pattern Jury Instructions - Civil Cases issued by the U.S. Eleventh Circuit District Judges Association or from the Florida Standard Jury Instructions in Civil Cases may be made by reference; the requested

instructions need not be set forth in full.

  D. Counsel for each party in any <u>non-jury</u> case shall submit to the clerk of the court for filing, with copies to opposing counsel, proposed written findings of fact and conclusions of law, or, in lieu thereof, a proposed opinion or memorandum of decision in which such proposed findings of fact and conclusions of law appear, with complete citation of authorities where appropriate (See Rule 52, FRCP).

  E. Counsel for each party in any case shall arrange with the clerk for marking for identification, as nearly as possible in the sequence proposed to be offered, all exhibits intended to be offered by such party.

V. <u>CONDUCT OF THE PRETRIAL CONFERENCE</u>

  A. Counsel who will conduct the trial are required to be present for the pretrial conference. They will be prepared to act with final authority in the resolution of all matters. Counsel will be prepared to discuss the prospects of settlement and mediation.

  B. The court will ordinarily dispose of all motions and other matters then at issue. The court will review all matters contained in the pretrial stipulation and consider any other matters which may be presented with a view towards simplifying the issues and bringing about a just, speedy and inexpensive determination of the case.

VI. <u>PRETRIAL ORDER</u>

  A. Unless the court orders otherwise at the pretrial conference, counsel for all parties, with counsel for plaintiff taking the initiative, shall submit a

proposed pretrial order for the court's approval within ten (10) days after the pretrial conference.  The pretrial order so prepared shall incorporate and modify the pretrial stipulation in light of any additional agreements reached and rulings made at the pretrial conference.

     B.    After the pretrial order is entered by the court, the pleadings will be merged therein and the pretrial order will control the course of the trial and may not be amended except by order of the court in the furtherance of justice.

VII.    <u>NEWLY DISCOVERED EVIDENCE OR WITNESSES</u>

     Except as provided in this paragraph, witnesses not timely listed in the pretrial stipulation will not be allowed to testify, and exhibits not timely listed in the pretrial stipulation will not be admitted into evidence.  If any new witness is discovered after submission of the pretrial stipulation, the party desiring to call the witness shall immediately file with the clerk and serve on all counsel notice of the witness's name and address and the substance of the witness's proposed testimony, together with the reason for the late discovery.  If any new exhibit is discovered after submission of pretrial stipulation, the party desiring to use it shall immediately disclose the exhibit to the court and all other counsel together with the reason for late discovery.  Use of such newly-discovered witnesses or evidence shall be allowed only by order of the court in the furtherance of justice.

VIII.    <u>ADDITIONAL PRETRIAL CONFERENCE</u>

     If necessary or advisable, the court may adjourn the pretrial conference from time to time or may order additional pretrial conferences.

IX.    <u>SPECIAL MATTERS</u>

A.     No motion for summary judgment or other motion filed after the date of this order will be grounds for cancellation or postponement of the pretrial conference or non-compliance with any other requirement of this order.  The parties will be expected to comply with this order as fully and to the same extent as though no such motion had been filed.  Absent prior court approval, a motion for summary judgment not served in time to permit the party opposing the same to make its written response prior to the pretrial conference will not be heard or considered during that pretrial conference.  Parties will submit memoranda regarding any such motion to the court in accordance with N.D. Fla. Loc. R. 7.1.

B.     If the case is settled, it is the responsibility of the parties to see that the court is <u>immediately</u> advised.

C.     Should a party or a party's attorney fail to appear at a pretrial conference or otherwise fail to comply with this order, a judgment of dismissal or default or other appropriate judgment may be entered, and sanctions or other appropriate relief may be imposed.

D.     Counsel, as used herein, includes any party who is appearing pro se.

SO ORDERED on June 7, 2011.

<u>s/Robert L. Hinkle</u><br>
United States District Judge